IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JEREMY KISER**,

       **Petitioner,**

v.         **CIVIL ACTION NO. 3:22-CV-125**
                                           **(GROH)**

**STATE OF WEST VIRGINIA,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

This case was initiated on July 25, 2022, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petitioner has not paid the $5.00 filing fee, but filed a motion[1] to proceed without prepayment of fees on the same date that he filed his petition. ECF No. 2.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 636, 1915(e), and 1915(A). For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

---

[1] On July 26, 2022, the Clerk issued a notice of deficient pleading regarding Petitioner's motion to proceed without prepayment of fees, which notified Petitioner that he failed to file required documents to accompany his motion. ECF No. 5.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Petitioner's Conviction and Sentence

Petitioner is currently a West Virginia State prisoner[2] incarcerated at Salem Correctional Center in Industrial, West Virginia, in the Northern District of West Virginia, with a projected release date of October 19, 2030.  Previously, on March 4, 2022, Petitioner filed a petition for habeas corpus in the Southern District of West Virginia, case number 2:22-CV-115.  The facts of Petitioner's West Virginia state conviction and sentence are taken from the June 13, 2022, Proposed Findings and Recommendations of the Southern District of West Virginia:

> In late 2019 or early 2020, Petitioner Jeremy L. Kiser ("Kiser") took a 2011 Jeep Wrangler (the "Jeep") for a test drive from Joe Holland Chevrolet in Kanawha County, West Virginia. Instead of returning the vehicle to the dealership, Kiser drove to Clarksville, Tennessee.  On January 6, 2020, Kiser was arrested in Tennessee after a law enforcement officer determined that the Jeep was stolen. The following day, Kiser was charged in a criminal complaint with theft of a vehicle in violation of Tennessee Code § 39-14-103.  On January 21, 2020, Kiser was found guilty in the General Sessions Court of Montgomery County, Tennessee of the offense of joyriding, in violation of Tennessee Code § 39-14-106.  He was sentenced to twelve days in jail and released, as he had already served his time.
>
> On February 28, 2020, Kiser was named in a multi-count indictment in the Circuit Court of Kanawha County, West Virginia ("Circuit Court"), assigned Case No. 20-F-108. Kiser was charged with possessing and stealing a 2018 Toyota RAV4; shoplifting; stealing the Jeep; stealing an LG smart phone and Samsung S10 Note tablet; and possessing a Dodge Dakota that he knew was stolen.  The charge of stealing the Jeep forms the basis of the habeas petition filed herein. According to the court docket of Case No. 20-F-108, Kiser received psychiatric evaluations and treatment and was found competent to proceed in January

---

[2] See https://apps.wv.gov/ois/offendersearch/doc.

2

2022.

On February 16, 2022, Kiser filed a pro se petition for habeas relief with the Supreme Court of Appeals of West Virginia ("WVSC"). While the petition appears to involve Case No. 20-CV-108, it is not directly relevant to this case, because the state petition does not assert a double jeopardy violation. On March 7, 2022, the WVSC refused to docket the habeas petition on the ground that it did not comply with the court's rules regarding the docketing of original jurisdiction actions.

On March 7, 2022, a Kanawha County Assistant Prosecutor offered Kiser, through his attorney, a plea agreement in Case No. 20-F-108, which required Kiser to enter guilty pleas to two counts of the indictment, including grand larceny of the Toyota RAV4 and grand larceny of the Jeep, in exchange for dismissal of the remaining charges against him. Kiser accepted the plea offer on March 10, 2022, and formally entered a written plea of guilty to the two charges on March 14, 2022. Accepting Kiser's guilty pleas, the Circuit Court convicted Kiser of two counts of grand larceny in violation of West Virginia law and dismissed the remaining five counts against him. On March 23, 2022, Kiser was sentenced to two terms of one to ten years' imprisonment, with the sentences to run consecutively. On the same day, he filed in the Circuit Court a pro se Motion to Vacate his conviction on the grand larceny charge related to stealing the Jeep, arguing that the conviction was "double jeopardy" since he pled guilty and served a sentence in Tennessee on a related charge. Kiser further claimed that the State of West Virginia lacked jurisdiction over the grand larceny charge, because he drove the Jeep across state lines; thereby, investing jurisdiction in federal court.

On March 4, 2022—less than one week *before* Kiser accepted the plea offer—he filed the [ ] petition [in the Southern District] for a writ of habeas corpus [ ]. Kiser did not pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs, so the Clerk sent him a Notice of Failure to Remit Filing Fee. Kiser provided the Court with a completed application on March 24, 2022, and the Respondent was ordered to show cause why the relief sought should not be granted. By this time, Kiser had been convicted and sentenced for stealing the Jeep. On April 11, 2022, Kiser renewed his request with

3

> the Circuit Court to vacate his sentence. On April 20, 2022, counsel for Respondent wrote to the WVSC requesting all records pertaining to Kiser. The Clerk of the WVSC responded on April 26, 2022, identifying two proceedings involving Kiser. One of those proceedings was unrelated to his conviction and sentence in Case No. 20-F-108, and the other was the original jurisdiction petition that the WVSC refused to docket. Accordingly, the WVSC record shows that Kiser has not appealed the conviction or sentence that forms the basis of his habeas petition in this case. Moreover, the court docket in Case No. 20-cv-108 reflects that no appeal and no state habeas action has been filed challenging his conviction or sentence, although Kiser recently filed various pro se motions in Case No. 20-F-108.

S.D.W.V. 2:22-CV-115, ECF No. 48 at 1 – 4, internal footnotes and citations omitted. The Proposed Findings and Recommendations were adopted by District Judge Joseph R. Goodwin by order entered July 6, 2022. S.D.W.V. 2:22-CV-115, ECF No. 60.

On that same date, Petitioner filed[3] an appeal with the Fourth Circuit Court of Appeals in that court's docket number 22-6769. A review of PACER shows that the case remains pending before the Fourth Circuit.

### B.  Petitioner's State Habeas Petition in Kanawha County Circuit Court

Based on Petitioner's exhibit, it appears that he filed a state habeas corpus petition in Kanawha County, West Virginia, Circuit Court in case number 2022-P-233. ECF No. 1-1. Petitioner's exhibit is an order dated July 6, 2022, from the state circuit court which indicates that Petitioner filed a pro se petition for habeas corpus under W.Va. Code § 53-4A-1 on June 29, 2022. Id. The Court's order dismissed the matter one week after filing, which was the same date Petitioner's federal habeas corpus case in the Southern District of West Virginia was dismissed. It does not appear that

---

[3] In 2022, Petitioner has also filed two civil rights actions in the Southern District of West Virginia, in cases 2:22-CV-26, and 2:22-CV-334. Both of those actions remain pending.

Petitioner has yet filed a direct appeal or sought a writ of habeas corpus in the West Virginia Supreme Court of Appeals.

### C. Instant Federal Habeas Petition

This case was initiated on July 25, 2022, by the pro se Petitioner who filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction and sentence in the Circuit Court of Kanawha County, West Virginia. ECF No. 1. Although the petitioner borders on illegibility, it appears to allege four claims for relief: (1) that Petitioner's double jeopardy rights were violated because he was convicted of the same conduct in Tennessee and West Virginia [Id. at 5]; (2) that his due process rights were violated after Petitioner entered a not guilty by reason of mental illness[4] [Id. at 7]; (3) that Petitioner was stopped illegally, and that police stated in the report that Petitioner was stopped for a seat belt violation, but that police gave a contradictory explanation for the stop when testifying before the grand jury [Id. at 8]; and (4) that his case was subject to various misconduct including: (a) failure to give Petitioner credit for state jail time; (b) failure to answer pre-trial motions; (c) failure "to give proper plea signed" on different dates[5]; and (d) that the State changed unknown terms of the agreement at sentencing [Id. at 10]. In the space provided for Petitioner to request relief, Petitioner did not write anything. Id. at 15. Nonetheless, the Court construes Petitioner's request for habeas corpus relief to be a request for release from incarceration.

---

[4] The petition alleges, "State refused to send me back to William R. Sharps [sic] after pleading N.G.R.M.I. Judge accepted then changed mind." ECF No. 1 at 7.

[5] The petition alleges, "Misconduct. Failure give jail credit state law. Failure to answer pretrail [sic] motions. Failure to give proper plea signed 1/10 1/3 State changed day of sentencing. Failure [illegible]."

## II. LEGAL STANDARD

### A. Petitions for Relief Under 28 U.S.C. § 2254

The provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Under 28 U.S.C. § 2254 a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct 1495 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

6

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### III. ANALYSIS

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must

8

surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In <u>Baldwin v. Reese</u>, <u>supra</u>, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Id.</u>  <u>See also</u> <u>Howell v. Mississippi</u>, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals.  <u>See</u> <u>Moore v. Kirby</u>, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); <u>see</u> <u>also</u> <u>Bayerle v. Godwin</u>, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of

9

the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, Petitioner has filed two petitions for habeas corpus relief in the Southern and Northern Districts of West Virginia, and appealed the denial of relief in the Southern District of West Virginia to the Fourth Circuit. However, Petitioner failed to obtain a final judgment on a request for the writ of habeas corpus in the appropriate state circuit court, and then obtain a final judgment from the Supreme Court of Appeals. Despite filing an action in Kanawha County Circuit Court case number 2022-P-233, and being denied the requested relief there on July 6, 2022, Petitioner has not yet sought, nor had sufficient time to exhaust his available remedies before the West Virginia Supreme

10

Court of Appeals.

Because Petitioner has failed to both obtain a habeas corpus judgment in the appropriate state circuit court, and appeal any adverse ruling to the Supreme Court of Appeals, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the Petitioner's petition [ECF No. 1] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's Motions to proceed without prepayment of fees [ECF No. 2], for discovery [ECF No. 3], and for evidence [ECF No. 4] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:	July 27, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE